IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARCUS D. MITCHELL,

                    Plaintiff,

          v.                          CASE NO.  11-3063-SAC

CITY OF WICHITA,
et al.,

                    Defendants.

<u>MEMORANDUM AND ORDER</u>

     This civil complaint, 42 U.S.C. § 1983, was filed pro se by an
inmate of the Sedgwick County Jail, Wichita, Kansas.  Plaintiff
names as defendants the City of Wichita, Kansas, and John Groh,
Wichita Police Officer (PO).

     As the factual background for his complaint, Mr. Mitchell
alleges as follows.  On or about December 10, 2010, he was pulled
over by defendant PO Groh for not signaling.  PO Groh then
discovered that plaintiff was driving while suspended and had a
"warrant for DOC" and a couple "other minor warrants."  Groh
searched his vehicle and arrested him, but never gave him a ticket
or warning for the alleged traffic violation.  In an attached
affidavit, plaintiff states that he was arrested for a parole
violation.

     Plaintiff claims that he was followed too long before the stop;
that the traffic stop was illegal; that the search of his car
without his consent violated the 4th Amendment; and that taking him
to jail after the illegal stop amounted to cruel and unusual
punishment. He also claims "harassment" and that he was pulled over
on account of his race.  He asserts that his rights under the 4th,

5th, 8th and 15th Amendments were violated. He seeks millions of dollars in damages.

## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

The fee for filing a civil rights complaint is $350.00. Plaintiff has filed an Application to Proceed Without Prepayment of Fees. He is forewarned that under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).[1] Furthermore, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Mr. Mitchell's application is deficient in that he has not provided a certified copy of his institutional account transactions for a six-month period. This action may not proceed until plaintiff provides the financial information required by federal law. He will be given time to do so, and is forewarned that if he fails to comply with the provisions of 28 U.S.C. § 1915 in the time allotted, this action may be dismissed without further notice. The prisoner must

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined would be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

obtain this certified statement from the appropriate official of each prison at which he was or is confined.

**SCREENING**

Because Mr. Mitchell is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10ᵗʰ Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New

3

<u>Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court employs the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). <u>Kay v. Bemis</u>, 500 F.3d 1214, 1217-18 (10th Cir. 2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. The court accepts all well-pleaded allegations in the complaint as true and considers them in the light most favorable to the nonmovant. <u>Anderson v. Blake</u>, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. <u>Twombly</u>, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Id.</u> at 555. Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

Defendant "City of Wichita" is subject to be dismissed. Under 42 U.S.C. § 1983, a local government may be held liable for the constitutional violation of its employees only when employee "action pursuant to official municipal policy . . . caused a constitutional tort." Therefore, "to establish municipal liability a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." <u>Anaya v. Crossroads Managed Care Sys., Inc.</u>, 195 F.3d 584, 592 (10th Cir. 1999)(quoting <u>Hollingsworth v. Hill</u>, 110 F.3d 733, 742 (10th Cir.1997)). Plaintiff does not allege facts showing

that the City of Wichita had a policy or custom that violated his federal constitutional rights. City of Wichita cannot be held liable under the doctrine of respondeat superior for the individual actions of its employee. As the Tenth Circuit has reasoned:

> A municipality or county can be held accountable to a pretrial detainee for a due process violation resulting from an employee's acts only if the harmful acts resulted from a policy or custom adopted or maintained with objective deliberate indifference to the detainee's constitutional rights. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91, 694 (1978).

> The plaintiff must . . . demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. Board of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

Aston v. Cunningham, 216 F.3d 1086, *4 (10th Cir. 2000)(unpublished)(cited as persuasive authority only). Mr. Mitchell has not alleged facts indicating that a policy, custom, or practice of the City of Wichita played any part in the alleged violations of his rights.

Plaintiff's allegations against defendant Groh are also subject to dismissal. Those allegations actually raise two discrete claims. First, plaintiff claims that Officer Groh lacked authority to stop him for not signaling. Second, he claims that defendant Groh wrongfully searched his vehicle, arrested him, and took him to jail. Accepting plaintiff's allegations as true, the court finds that his allegations fail to state a claim of federal constitutional violation.

With respect to plaintiff's assertion that the traffic stop was unlawful, his allegations indicate nothing more than his

disagreement with Officer Groh's account that he observed plaintiff fail to signal properly. That disagreement, without more, does not evince a federal constitutional violation. K.S.A. § 22-2402(1) provides:

> Without making an arrest, a law enforcement officer may stop any person in a public place whom such officer reasonably suspects is committing, has committed or is about to commit a crime and may demand of the name, address of such suspect and an explanation of such suspect's actions.

Id. Traffic infractions are crimes under K.S.A. § 21-3105. A traffic violation provides a valid reason to effectuate a traffic stop. Whren v. U.S., 517 U.S. 806, 813 (1996). K.S.A. § 8-2106(a)(1) provides that an officer "may" not "shall" issue a citation for a violation of the laws regulating traffic. Plaintiff was not given a ticket or arrested for failure to signal, and is not confined as a result of this alleged traffic infraction. In short, Mr. Mitchell's claim that he was followed and stopped for an alleged traffic violation but was not ticketed, standing alone, does not establish that the stop was due to his race, amounted to racial profiling, or otherwise violated his federal constitutional rights. Plaintiff's allegations of racial profiling are nothing more than conclusory statements.

Plaintiff's other allegations similarly fail to state a claim. A law enforcement officer conducting a routine traffic stop may request a driver's license and vehicle registration, and run a computer check. Had no warrants turned up, plaintiff must have been allowed to proceed on his way, without further delay or questioning. However, according to Mr. Mitchell's own account, warrants discovered. Plaintiff's allegations indicate that he was arrested

and jailed based upon outstanding warrants, one of which was for parole violation. Under Kansas law a law enforcement officer may arrest a person if the officer has probable cause to believe that a warrant for his arrest has been issued. K.S.A. § 22-2401(b). Mr. Mitchell's arrest and confinement were not an investigative detention, and he alleges no facts to indicate that his detention on an existing warrant was not authorized or reasonable. The existence of a warrant established probable cause for his arrest. Plaintiff alleges that the search of his vehicle and his arrest were done after the officer discovered the outstanding warrants. Thus, they presumably were incident to his arrest under the warrant, and not the traffic stop.

Plaintiff does not allege that any exculpatory evidence was found during the search of his vehicle or that he filed any motion to suppress. If he is claiming that the arrest and search led to his imprisonment on a parole violation or some other outstanding charge, then such a claim must be raised as a defense at the parole violator hearing or trial upon those charges underlying the warrant and for which he was arrested. Plaintiff does not provide the following crucial information: he does not reveal the charges upon which he is being currently detained or the status of state proceedings on those charges, whether that be parole violation proceedings or criminal proceedings on new charges. He is required to provide this information to the court.

Plaintiff is also advised that if state parole revocation proceedings or state criminal proceedings are currently pending, any claims he has challenging those proceedings must be presented in the first instance to the state court in which those proceedings are

currently pending.  If he is not satisfied with the outcome of those proceedings, he must then present his claims on appeal to the Kansas Court of Appeals and the Kansas Supreme Court before he may seek review in federal court.  <u>See</u> 28 U.S.C. § 2254(d).  This court has no authority to intervene in pending state court proceedings.

Furthermore, plaintiff's claim for money damages based upon allegations that would necessarily imply the invalidity of a state criminal conviction or sentence; are premature and must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994); <u>see also</u> <u>Beck v. Muskogee Police Dep't</u>, 195 F.3d 553, 557 (10th Cir. 1999).  Plaintiff alleges no facts indicating that any criminal judgment, that was entered against him as a result of his arrest, vehicle search, and detention by Officer Groh, has been overturned.

Plaintiff will be given time to show cause why this action should not be dismissed for failure to state a claim of federal constitutional violation.  If he fails to adequately respond within the time provided this action may be dismissed without further notice.

Due to the court's finding upon screening that this case is subject to dismissal, plaintiff's motion for appointment of counsel is denied, without prejudice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given twenty (20) days in which to submit a certified copy of his institutional account for the six months immediately preceding the filing of this complaint as required by statute to support his

motion to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that within the same twenty-day period, plaintiff is required to advise the court of the status of any state parole revocation or criminal proceedings pending against him and to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2011, at Topeka, Kansas.




<u>s/Sam A. Crow</u>
U. S. Senior District Judge